UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN MATTHEW GAYDEN, JR., M.D.,<br><br>                         Plaintiff,<br><br>              -against-<br><br>SACKLER FAMILY,<br><br>                         Defendants. | 22-CV-5918 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Federal Correctional Complex Coleman, in

Florida, brings this action *pro se*. He sues Defendants, identified only as the "Sackler Family,"

for two claims. First, he alleges that Defendants misrepresented and misled him and other

physicians about the properties of the pharmaceutical drugs Oxycodone and Oxycontin. Second,

he seeks damages from Defendants in connection with the tragic death of his 21-year-old son in

2007, in Florida.

By order dated July 27, 2022, the Court granted Plaintiff's request to proceed *in forma*

*pauperis* (IFP), that is, without prepayment of fees.[1] For the reasons set forth below, the Court

grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma*

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

The following allegations are from Plaintiff John Gayden's complaint. Plaintiff practiced general internal medicine for 29 years. ECF 2 at 6. Unspecified members of "the Sackler family" are the "sole stockholders" of Purdue Pharma, LP (Purdue), which manufactures opioids. *Id.* In other litigation, members of the Sackler family allegedly admitted to Purdue's "aggressively marketing and misbranding Oxycontin while downplaying its addiction and overdose risks." *Id.* at 2. Purdue's paid medical specialists and drug representatives visited Plaintiff's medical practice in Florida monthly, providing detailed verbal and written instructions for prescribing its medication, but the information that they provided him was misleading. *Id.* at 3. For example, he was informed that the drugs were addictive in fewer than 1% of patients. *Id.* at 5. As a result of following Purdue's "guidelines," Plaintiff "has been placed in prison." *Id.* On this basis, Plaintiff seeks $50 million from the "Sackler family." *Id.* at 6-7.

Plaintiff further asserts "an opioid personal injury claim for the accidental overdose and wrongful death of [his] son." *Id.* at 7. In 2007, Plaintiff's son, who was a "first time user" of "Oxycontin-80 sold from a street drug dealer," died in Florida. *Id.* The death certificate indicates that the cause death "was an opioid overdose." *Id.* Plaintiff seeks $50 million from the "Sackler family" for the wrongful death of his son.

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited. It is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available

only when a "federal question" is presented or when plaintiff and defendant are citizens of

different states and the amount in controversy exceeds the sum or value of $75,000. "'[A]ny

party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether

the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local

919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)

(quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d

Cir. 1983)); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter

delineations must be policed by the courts on their own initiative . . . ."). "If the court determines

at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R.

Civ. P. 12(h)(3).

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal

law if the complaint "establishes either that federal law creates the cause of action or that the

plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting

*Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Invoking federal

jurisdiction, without pleading any facts demonstrating a federal law claim, does not create

federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d

1182, 1188-89 (2d Cir. 1996).

Here, Plaintiff does not indicate that his claims arise under federal law, and it is not

apparent from the allegations of the complaint that it can be liberally construed as asserting a

federal claim. The Court thus cannot exercise federal question jurisdiction of the complaint.

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

 "An individual's citizenship, within the meaning of the diversity statue, is determined by his domicile." *Johnson v. Smithsonian*, 4 Fed. App'x 69, 70 (2d Cir. 2001) (citing *Palazzo v. Corio*, 232 F.3d 88, 42 (2d Cir. 2000)). There is a rebuttable presumption that a prisoner retains his pre-incarceration domicile. *See Blumatte v. Quinn*, 521 F. Supp. 2d 308, 312 n.3 (S.D.N.Y. 2007); *Housand v. Heiman*, 594 F.2d 923, 925 n. 5 (2d Cir. 1979). Plaintiff has not specifically pleaded facts about his own State citizenship. He does allege, however, that he had a medical practice in Florida for 29 years, and that he is currently incarcerated in Florida. ECF 2 at 1, 6.

Even if the Court assumes that Plaintiff is a Florida citizen, the Court cannot determine whether Defendants' citizenship is diverse from his because he has not named specific individuals as defendants or alleged facts about where each individual defendant is domiciled. Plaintiff bears the burden of pleading facts showing diversity of citizenship, *Schacht*, 524 U.S. at 388, and the facts alleged in the complaint fail to show that the Court can exercise diversity jurisdiction of this matter. The Court therefore cannot exercise subject matter jurisdiction of the complaint.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege facts sufficient to invoke the Court's jurisdiction, the Court grants Plaintiff 60 days' leave to amend his complaint to plead facts establishing subject matter jurisdiction.

In his amended complaint, Plaintiff must identify each defendant whom he seeks to sue. He must identify each defendant by name in the caption of the complaint and provide a short and plain statement of the relevant facts supporting each claim against each defendant. If, in his amended complaint, Plaintiff invokes the Court's diversity jurisdiction, he must plead facts regarding the domicile of each defendant.

Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

5

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-5918 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated:    August 1, 2022
           New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
   ☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____, is a citizen of the State of
         (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                            State               Zip Code

_____

Telephone Number                        Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                                        Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                      State                          Zip Code

Defendant 2:

First Name                                        Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                      State                          Zip Code

Defendant 3:

First Name                                        Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                      State                          Zip Code

Defendant 4:

    First Name               Last Name

    Current Job Title (or other identifying information)

    Current Work Address (or other address where defendant may be served)

    County, City            State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.


| | |
|---|---|
| Dated | Plaintiff's Signature |
| First Name                Middle Initial | Last Name |
| Street Address | |
| County, City | State                Zip Code |
| Telephone Number | Email Address (if available) |


I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.